**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NATIONAL PARKS CONSERVATION ASSOCIATION**, et al.,<br>*Plaintiffs*,<br>*v.*<br>**DOUG BURGUM, in his official capacity as Secretary of the Interior**, et al.,<br>*Defendants*. | **Case No. 26-cv-02103 (EGS)** |

**PLAINTIFFS' REPLY AS TO NOTICE OF FACTUAL DEVELOPMENT**

According to the President of the United States, "work has already started" on the National Garden of American Heroes. The President announced this afternoon that "we're actually forming lists right now" and that "[it] could go from 250 to 500 statues." He also explained that "it's on about forty-five acres fronting right on the Potomac." The President's latest remarks confirm, once again, that Defendants' implementation of the West Potomac Plan is ongoing and that preliminary relief is necessary.[1]

Defendants have nevertheless insisted that the Garden of Heroes is merely an idea and that their revised concept for the Tidal Basin area has nothing to do with the garden complex. Those claims do not withstand scrutiny. In early 2026, right around the time the Trump administration was zeroing in on West Potomac Park as the garden complex site, *see* Dkt. No. 1 ¶¶ 85–87, the National Park Service abruptly announced that it was "pausing" its Tidal Basin

[1] *WATCH: Trump Officially Reopens Lincoln Memorial Reflecting Pool on Eve of Midterm Elections*, at 49:20–50:05 (PBS News, Nov. 2, 2026), https://www.pbs.org/newshour/politics/watch-live-trump-delivers-last-pitch-before-midterms-at-reflecting-pool-site-of-botched-renovation.

redevelopment plan and ending the public comment period early. *National Park Service Seeks Public Comment on Plan for Future of the Tidal Basin*, Nat'l Park Serv. (Mar. 3, 2026), https://perma.cc/YG9V-C4NG. Now, several months later, the Park Service has unveiled a new plan for the area that overhauls the western portion of the design concept—precisely where renderings show the garden complex, with several overlapping features, will be located—while leaving the eastern portion untouched. Meanwhile, the Park Service has already awarded one contract related to Tidal Basin redevelopment and has posted two more forecasted contracts that explicitly provide for construction of the Garden of Heroes.

In their response, Defendants frantically backtrack from the forecasted contracts, which have a combined estimated value of over $500 million and an anticipated period of performance beginning in January 2027. *See* Dkt. No. 20 at 2. According to Comptroller Bowron, these forecasted contracts "were erroneously posted." Dkt. No. 22-2 ¶ 3. Relying on the passive voice, she states that they "were published without appropriate reviews and approvals and were not authorized to be published." *Id.* ¶ 5. Absent from her declaration, however, is any explanation as to how this "error" occurred or how these contracts ended up on the Park Service's "annual forecast of contracting opportunities," *id.* ¶ 4, with a Park Service official listed as the "point of contact," Dkt. Nos. 22-3, 22-4. And while Comptroller Bowron asserts that the Park Service "*currently* does not have a construction contract associated with the Tidal Basin Plan, or the National Garden of American Heroes," Dkt. No. 22-2 ¶ 6 (emphasis added), she does not disclaim any intent to pursue such a contract. The Court should not credit Defendants' attempts to shrug off this obvious evidence of the West Potomac Plan.[2]

[2] Recently, another court in this District found that a declaration submitted by Comptroller Bowron was "misleading" and "question[ed]" whether she "truly believe[d]" some

Defendants' efforts to explain away the updated concept for the Tidal Basin area are equally unpersuasive. For the most part, Defendants do not dispute that there are clear similarities between the revised Tidal Basin concept and the renderings of the garden complex shared by the President, the Secretary of the Interior, and The National Garden of American Heroes Foundation. *See* Dkt. No. 21 at 2–3 (noting several overlapping features). While Defendants claim that the renderings do not include an amphitheater, Dkt. No. 22 at 3, the renderings show a semicircular structure in the southeastern corner of the park (depicted below) that, at the very least, closely resembles an amphitheater:



Dkt. No. 15-12 at 6.

Shifting tactics, Defendants seize on a handful of differences between the revised concept and the renderings. Dkt. No. 22 at 3. They assert, for example, that the renderings "appear[] to include substantially more tree cover than the Tidal Basin concept." *Id.* Of course, Plaintiffs do

characterizations in her testimony. *DC Pres. League v. Dep't of Interior*, No. 26-cv-477, 2026 WL 3210227, at *13 (D.D.C. Oct. 26, 2026).

not suggest that every single detail of the new concept matches the renderings. What matters is the striking overlap between renderings of the Garden of Heroes—shared by the President and Secretary Burgum—and the updated concept that Defendants implausibly claim has no connection at all to the garden complex. Moreover, Defendants do not explain why they suddenly abandoned (half of) the previous Tidal Basin concept, which was in the middle of National Capital Planning Commission (NCPC) and Commission of Fine Arts (CFA) review. *See Tidal Basin Revised Development Concept Plan* 20, Nat'l Park Serv. (Oct. 19, 2026), https://perma.cc/V8Z9-5BSP ("Oct. 19 Slides"). The logical inference to draw is that Defendants did so in order to implement their plan for the garden complex.

The rest of Defendants' response recycles their now-familiar arguments that Plaintiffs fail to show irreparable harm; that they lack an imminent injury; and that there has been no final agency action. Dkt. No. 22 at 4–7. Plaintiffs have addressed these arguments extensively, but a few points are worth reemphasizing. First, Plaintiffs' showing of irreparable harm is not limited to the installation of the Uzbek gazebos and surrounding construction activity. *See, e.g.*, Dkt. No. 20 at 16; *contra* Dkt. No. 22 at 4–5. And while the revised concept may not include the gazebos, it does show several new pathways in the same corner of the park where the gazebos are located and where concrete walkways have already been poured. *See* Oct. 19 Slides at 14. Defendants have not provided any specific details as to how or whether those concrete walkways will be removed. *See* Dkt. No. 20 at 9.

Second, focusing only on Plaintiffs' procedural injuries, Defendants continue to insist that they will follow all required compliance processes moving forward. Dkt. No. 22 at 5–6. That does nothing to refute Plaintiffs' showing that Defendants have already failed to comply with certain requirements of the Commemorative Works Act. Dkt. No. 20 at 11. Defendants

also reference—and do not dispute—public reporting that the administration "intends to build the garden" in West Potomac Park. Dkt. No. 22 at 6 (emphasis omitted); *see* Travis M. Andrews & Dan Diamond, *Parks Advocates Worry New Mall Plan Will Ease Way for Trump's Garden of Heroes*, Wash. Post (Oct. 21, 2026), https://perma.cc/3K28-W5XZ. That reporting further indicates that Defendants have made a final, reviewable decision. And even if the statement is understood to mean the government is not currently building the garden complex, as Defendants suggest, Dkt. No. 22 at 6, preliminary relief would still be warranted to prevent irreparable harm *before* it occurs.

Lastly, Defendants contend that they have not taken final agency action because the NCPC and the CFA will review the revised Tidal Basin concept, and the details of the plan may continue to evolve. *Id.* at 6–7. None of that changes the extensive record evidence indicating that Defendants have made a decision to transform West Potomac Park into a garden complex, even if the final details of the design may change. *See Venetian Casino Resort, L.L.C. v. EEOC*, 530 F.3d 925, 929 (D.C. Cir. 2008) (concluding "the record leaves no doubt" there was an agency policy, even if "the details of the . . . policy are still unclear"); *DC Pres. League*, 2026 WL 3210227, at *18 ("The agency need not have publicly settled on a final design for the Fazio course, so long as it has made the final decision to replace the current Course.").

* * *

If the government had its way, this Court could never review the West Potomac Plan—whose illegality Defendants have not disputed. The government has pursued the same strategy in case after case: plaintiffs challenging construction projects or related activity as unlawful are always too early, *e.g.*, Defs.' Opp'n to Pls.' Second Mot. for Prelim. Inj. at 22–23, *Lemmon v. Trump*, No. 26-cv-544 (D.D.C. Oct. 28, 2026), Dkt. No. 74 (arguing injuries were too

speculative because NCPC had not yet approved construction of triumphal arch); Defs.' Mem. in Opp'n to Pls.' Mot. for Prelim. Inj. at 24–25, *DC Pres. League v. Dep't of Interior*, No. 26-cv-477 (D.D.C. Oct. 16, 2026), Dkt. No. 84 (claiming defendants had not taken final agency action to destroy and replace golf course, even after hundreds of trees were removed), or too late, *e.g.*, Br. for Appellants/Cross-Appellees at 27 n.4, *Nat'l Tr. for Historic Pres. v. Nat'l Park Serv.*, No. 26-5123 (D.C. Cir. May 7, 2026) (asserting injuries were not redressable after demolition of East Wing had already occurred); Defs.' Mem. in Opp'n to Pls.' Emergency Appl. for TRO at 2, *Douglas v. Nat'l Park Serv.*, No. 26-cv-2016 (D.D.C. June 9, 2026), Dkt. No. 11 (characterizing plaintiffs' delay in filing suit as "inexcusable" where challenged UFC event had been announced "almost a year" earlier).

Defendants thus ask this Court to accede to tactics designed to evade judicial review and force litigation into an emergency posture. *Cf. DC Pres. League*, 2026 WL 3210227, at *4 ("The Government appears to have set the timing of the tree removal and late notice to impede Plaintiffs' ability to seek Court intervention."); *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, 803 F. Supp. 3d 164, 192 n.9 (D.D.C.) (discussing court's "concern" that government's litigation strategy appeared to be crafted to "prefer[]" "emergency postures"), *stayed pending appeal on other grounds*, 146 S. Ct. 19 (2025). But Defendants' unlawful plan to transform West Potomac Park is final and reviewable now. The Court should enter preliminary relief now, rather than wait until construction of the garden complex becomes a *fait accompli*.[3]

[3] The factual representations in Defendants' declarations do not change the conclusion that preliminary relief is warranted. Nevertheless, should the Court have any doubts in that regard, Plaintiffs respectfully submit that it would be appropriate to consider requiring Defendants to produce an official with knowledge to answer questions about plans for the garden complex at an evidentiary hearing.

Date: November 2, 2026

Respectfully submitted,

/s/ Michael J. Torcello
Michael J. Torcello (DC Bar No. 90014480)
Alethea Anne Swift (DC Bar No. 1644929)
Catherine M.A. Carroll (DC Bar No. 497890)
Robin F. Thurston (DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
mtorcello@democracyforward.org
aswift@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs*